**SO ORDERED.**

**SIGNED this 21 day of February, 2007.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
### (TOPEKA)

| | | |
|---|---|---|
| **In re: Richard L. Smith, Jr., and** | ) | |
| **Brenda K. Smith,** | ) | Case No. 06-40819 |
| **Debtors.** | ) | |
| | ) | |
| **Gardner National Bank,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | Adv. Proc. No. 06-7102 |
| | ) | |
| **Richard L. Smith, Jr., and** | ) | |
| **Brenda K. Smith,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### JOURNAL ENTRY OF DEFAULT JUDGMENT
### AND EXCEPTION FROM DISCHARGE

NOW on the above-mentioned date, this matter comes before the Court for entry of judgment. Plaintiff Gardner National Bank appears by counsel Daniel D. Covington. Defendants Richard L. Smith, Jr., and Brenda K. Smith do not appear and are in default. There are no other

appearances.

The court, upon examining its files and pleadings therein, finds:

Movant shows that the complaint was filed in this court; that summons was issued to each defendant on November 22, 2006; that; that

WHEREFORE, plaintiff moves this court for a judgment by default against defendants Richard L. Smith, Jr., and Brenda K. Smith.

1. The complaint was filed November 22, 2006. This matter is a core proceeding to determine dischargeability of claims in a title 11 bankruptcy case, over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(I).

2. Summons and a copy of the complaint were duly sent to each defendant Richard L. Smith, Jr., and Brenda K. Smith by first class mail on November 30, 2006, pursuant to Rule 7004((b)(1) of the Federal Rules of Bankruptcy Procedure. Service is hereby approved by the court.

3. Each defendant was required to file a motion or answer to the complaint within 30 days after the date of issuance of the summons; and that no answer or other defense has been filed by either defendant within thirty (30) days after the date of issuance of his/her respective summons.

4. Plaintiff has no information to indicate that the defendants named herein are infants or incompetent persons. Daniel D. Covington has accessed the Defense Manpower Data Center (DMDC) and was informed by the DMDC that defendants Richard L. Smith, Jr., and Brenda K. Smith are not on active military duty within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

5. On or about November 10, 2003, Defendants executed in favor of Gardner National Bank a Promissory Note (the "Note" hereinafter) in the principal amount of $251,958.23 at an initial interest rate of 6.5% and a variable interest rate per its terms.

6. The Note was subject to the terms of an Agricultural Loan Agreement executed November 10, 2003.

7. Said Note was secured by an Agricultural Security Agreement executed by Defendants on or about July 26, 2002, and an Agricultural Security Agreement executed by Defendants on or about November 10, 2003.

8. Plaintiff has an enforceable security interest in all of the collateral owned by Defendants as listed in the said security agreements.

9. Plaintiff has an enforceable security interest in all livestock owned by Defendants, as set forth above, due to rights granted by written security agreement.

10. Said security agreement memorialized that the livestock were pledged as collateral in support of the said Note executed by Defendants in favor of Plaintiff on November 10, 2003.

11. Defendants have been in default of their obligations under the Note since June 27, 2006. From and after said default, Plaintiff has been and is entitled to possession of said livestock.

12. Defendants represented to Plaintiff bank personnel that Defendants intended to transfer a significant number of livestock to a third-party.

13. Defendants intentionally transferred, conveyed, or otherwise liquidated at least 30 head of livestock, in which Plaintiff has an enforceable security interest, without accounting to Plaintiff for the proceeds thereof, with knowledge that such conduct was damaging to the rights of Plaintiff, and without just cause or excuse.

14. Defendants have intentionally concealed such transfer, conveyance or liquidation by failing, when questioned, to disclose to Plaintiff to whom, where, or how such livestock were disposed of, without just cause or excuse.

15. Plaintiff did not authorize Defendants to so transfer, convey or liquidate such livestock.

16. Defendants intentionally exercised ownership rights in the said livestock, without authorization of Plaintiff, and to the exclusion of Plaintiff's rights, and without just cause or excuse.

17. The conduct of Defendants, as alleged above in paragraphs 12 through 16, inclusive, occurred while Defendants were in default of their obligations to Plaintiff under the Note and while Plaintiff was entitled to possession of the said livestock.

18. The conduct of Defendants, as alleged above in paragraphs 12 through 17, inclusive, damaged Plaintiff to the extent of the value of the converted livestock.

19. The value of the converted livestock at the time of conversion was $45,000.

20. The said sale of collateral out of trust without accounting to Plaintiff for the proceeds was a willful act which maliciously injured Plaintiff or its property. Such conduct was intentional and without justification or excuse. As a result of said conduct, debt equal to the value of the converted livestock should be excepted from discharge, pursuant to 11 U.S.C. § 523(a)(6).

21. The Note and Agricultural Security Agreement provides that Defendants agree to pay costs and attorney fees for collection of the debt, making specific reference to collection in bankruptcy.

22. For several months, Defendants made payment on the said Note by assignment of a monthly net proceeds check from Dairy Farmers of America ("DFA").

23. Said Assignment was memorialized in a written agreement, which is attached to the complaint as an exhibit.

24. Due to said Assignment, Plaintiff has the exclusive right to receive payments from DFA which would otherwise, if there were no assignment, belong to Defendants. Defendants did not have the ability to directly divert DFA payments to themselves.

25. On or about July 25, 2006, Defendants took steps to confirm that the monthly DFA payment had come in to Plaintiff bank, then removed and withdrew the assigned funds representing such income,

before Plaintiff took steps to apply said DFA payment to Plaintiff's payment obligation, as was their custom and the agreement with Defendants.

26. Said removal and withdrawal was intentional, was with knowledge that it was damaging to the property rights of Plaintiff, was without just cause or excuse, and was done while Plaintiff was in possession or entitled to immediate possession of the said DFA payment.

27. Plaintiff has been damaged for the loss of such payment and for its costs and expenses in seeking such lost payment.

28. The payment wrongfully converted by Defendants was in the amount of $2,967.89, and Plaintiff continues to incur costs and expenses to recover such funds.

29. Defendants should be held to account for Plaintiff's cost and expenses incurred seeking to recover the payment converted by Defendants.

30. Misappropriation of the said DFA payment was a willful act of which maliciously injured Plaintiff or its property. Such conduct was intentional and without justification or excuse. As a result of said conduct, $2,967.89 of Defendants' debt to Plaintiff should be excepted from discharge, pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this court are hereby made the order of this court.

IT IS FURTHER ORDERED that Plaintiff Gardner National Bank is granted judgement against Defendants Richard L. Smith, Jr., and Brenda K. Smith and such judgment is excepted from discharge in bankruptcy under the authority of 11 U.S.C. § 523(a)(6), as follows:

a. In the amount of $45,000 for converted cattle, together with interest on said amount accruing at the rate of 6.5 % per annum from and after August 9, 2006;

b. In the amount of $2,967.89 for converted funds, together with interest on said amount

accruing at the rate of 6.5 % per annum from and after July 25, 2006; and

      c. For costs ($250) and reasonable attorney fees ($1,099.60) incurred by Plaintiff herein.

# # #

Respectfully Submitted & Approved,

 /s Daniel D. Covington
Daniel D. Covington, KS# 19341
**ANDERSON & BYRD, LLP**
216 South Hickory - P.O. Box 17
Ottawa, Kansas 66067
(785) 242-1234
Attorneys for Gardner National Bank